IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

NOEL  RUIZ SOTO                                    CASE NO. 08-04983 BKT

VANESSA  MEDINA VALENTIN              CHAPTER 7

                Debtor(s)

NOEL  RUIZ SOTO                                    ADVERSARY NO. 08-00172

VANESSA  MEDINA VALENTIN

                Plaintiffs

UNIVERSIDAD INTERAMERICANA DE            FILED & ENTERED ON 09/10/2010
PUERTO RICO; JACQUELINE C.
RODRÍGUEZ DÍAZ dba J.C. RODRÍGUEZ
DÍAZ; AND WILFREDO SEGARRA
MIRANDA,  CHAPTER 7 TRUSTEE

                Defendant(s)

## DECISION AND ORDER

This proceeding is before the Court upon the Chapter 7 Debtors' motion for partial summary judgment [Dkt. No. 21], Defendant UNIVERSIDAD INTERAMERICANA DE PR's ("UIPR") opposition to partial summary judgment [Dkt. No. 25] and Debtors' opposition to the Defendant's reply [Dkt. No. 31].  For the reasons set forth below, the Debtors' motion for summary judgment [Dkt. No 21] is GRANTED.

## I. FACTUAL BACKGROUND:

On July 31st, 2008, the Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code. On December 12, 2008, the Debtors filed the instant adversary proceeding alleging that Defendant UIPR continued to attempt to collect the debt owed to it in violation of the automatic stay pursuant to section 362(k) of the Bankruptcy Code.  On March 15th, 2010, the Debtors moved for partial summary judgment on the issue of the Defendant's liability for violation of the automatic stay.  The next day, the Court held a pretrial hearing wherein the Court bifurcated the issues of liability and damages, with liability to be decided first.  The matter is submitted [Dkt. No. 22].

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and

1

157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

## II. SUMMARY JUDGMENT STANDARD:

Under Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy cases by virtue of Federal Rule of Bankruptcy Procedure 7056, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317 (1986) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).  As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. The Court must view the evidence in a light most favorable to the nonmoving party.  In re Rijos, 263 B.R. at 388. Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Id.

## III. LEGAL ANALYSIS AND DISCUSSION:

The Debtors allege, and the Defendant does not deny, that the Defendant continued collection proceedings after having received notice of the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code [Dkt. No. 1].  Indeed, the Defendant explicitly admits to having continued collection

proceedings after having received notice of the stay in the "sworn statement" attached as Exhibit #1 to the Defendant's opposition to summary judgment [Dkt. No. 1].  The Defendant contends that it should not be held liable for this stay violation because the collection notices were sent due to a clerical error [Dkt. No. 25].  In support of this contention, the Defendant relies on the case of In re Hamrick 175 B.R. 890 (W.D.N.C. 1994), which held that, under certain circumstances, a defendant may not be held liable for stay violations caused by its own clerical errors. Id. at 893-4.  However, this case does not constitute controlling precedent in the District of Puerto Rico.  Rather, our case is governed by Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 268 (1st Cir. 1999), which explicitly rejected the argument that a creditor is immune from liability for stay violations because of its own clerical error.

Having determined that the violation of section 362 of the Bankruptcy Code is not a material fact in dispute, and having found no other material facts in dispute, this Court determines that the Debtors have met the burden for summary judgment as to the Defendant's liability under section 362(k) of the Bankruptcy Code.  A separate pretrial order will be entered accordingly for the determination and measure of damages, if any.

WHEREFORE, IT IS ORDERED that the Debtors' motion for summary judgment shall be, and it hereby is, GRANTED.

SO ORDERED.

San Juan, Puerto Rico, this 10 day of September, 2010.

Brian K. Tester
U.S. Bankruptcy Judge

3