UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

NOEL RUIZ SOTO   AND
CARMEN Y. ORTIZ REYES

DEBTORS

CASE NUMBER 08-04983- ESL

CHAPTER 7

NOEL RUIZ SOTO   AND
CARMEN Y. ORTIZ REYES

Plaintiffs

Vs.

UNIVERSIDAD INTERAMERICANA
DE PUERTO RICO, et als.

Defendants

ADVERSARY PROCEEDING NUMBER:

08-172

## OPINION AND ORDER

This case is before the court upon the motion to dismiss filed by defendant Universidad Interamericana de Puerto Rico ("Interamericana") and the opposition thereto by plaintiffs. Interamericana alleges that there has not been a violation of the automatic stay because there was no clear intention or willful action. Interamericana further alleges that plaintiffs have not suffered any damages. Plaintiffs allege that there is a violation of the automatic stay and, consequently, they are entitled to be awarded damages. For the reasons stated below, the motion to dismiss is hereby denied.

At the outset, the court notes that on September 10, 2010 a decision and order was entered (Tester, B.K., Judge) grantingpplaintiffs' motion for partial summary judgment; and concluding that Interamericana had violated the automatic stay provisions of section 362(a), that the clerical error defense was inapposite, and that the pending issue was the extent of damages. This court will not deviate from the dispositions by Judge Tester in his September 10, 2010 order. Collection actions after the filing of a bankruptcy petition constitute a violation of the automatic stay and "computer errors" is not a defense.

- 2 -

*Standard for Granting a Motion to Dismiss*

Motions to dismiss for failure to state a claim upon which relief may be granted are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a defense of "failure to state a claim upon which relief can be granted" to a claim for relief may be presented by motion before the filing of a responsive pleading. A motion to dismiss a counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) is available to test a claim for relief in any pleading, including a defendant's counterclaim. See 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 at 368-369.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 173 L. Ed. 2d. 868 (2009) citing Bell Atlantic v. Twombly, 127 S. Ct. at 1974. Thus, a "complaint must plead facts 'that raise a right to relief above the speculative level'" Dixon v. Shamrock Fin. Corp., 522 F. 3d 76, 79 (1st Cir, 2008); Cook v. Gates, 528 F. 3d 42, 48 (1st Cir. 2008); Gray v. Evercore Restructuring L.L.C., 544 F. 3d 320, 324 (1st Cir. 2008); Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008); Perez Acevedo v. Rivero-Cubano at 29; Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F. 3d 315, 320 (1st Cir. 2008); Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F. 3d 17 (1st Cir. 2009). "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

Discussion

The debtor is entitled to a hearing on damages after a finding that there is a violation of the automatic stay. Vázques v. Doral, 647 F3d 367 (1st Cir 2011); Duby v. USA, 451 B.R. 664 (1st Cir BAP 2011);  In re Rijos, 263 B.R. 382 (1st Cir. BAP 2001).  Since defendant's violation of the automatic stay was determined in the September 10, 2010 order, the complaint does establish a plausible cause of action for damages.  Consequently, the motion to dismiss must be denied

- 3 -

### Conclusion

In view of the foregoing, Interamericana's motion to dismiss is hereby denied.  A trial on the extent of damages is hereby scheduled for *December 6, 2011* at *2:00PM.* Seven (7) days prior to the hearing the parties shall submit proposed findings of fact and conclusions of law.  Each finding of fact shall make reference to a document or a witness.  If the reference is to a document, copy of the same shall be attached.

IT IS SO ORDERED.

Dated this 3rd of October, 2011, in San Juan, Puerto Rico.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge